Ranney, J.
This case, involving questions of very considerable interest and importance when it was tried, has become comparatively unimportant by a decision of this court made since it was reserved, and by the adoption of the code of civil procedure. The case of the Steamboat Wellsville v. Geisse, 3 Ohio St. 333, has settled, for all eases pending when the code took effect, that the doctrine of recoupment is a part of the law of this state, and a form of remedy to be administered by its courts; while the code itself has confessedly provided for the same thing in the fixture, under the foiun of a counter-claim. It may be readily ^admitted that this doctrine, in its present completeness, had a very impeidect foothold in the early and technical period of the common law; nor is it at all surprising that it should have been adopted by degrees, and with much hesitation; or even that it should not now be universally recognized. But, if it has made its way to favor slowly, it has nevertheless done so surely; and there is no hazard now in affinning that, with very inconsiderable exceptions, it has become fully naturalized in the courts of England and the United States.
A moment’s attention to the principles upon which it is founded, will sufficiently indicate its limits and proper application. It is no defense to the action, but only affects the amount to be recovered by the plaintiff. It consists simply in allowing the defendant, who upon his part has a right of action against the plaintiff, growing out of the same transaction, by giving notice of his intention to do so, to settle his rights in the same suit, and to deduct so much from the plaintiff’s claim as he would bo entitled to recover if he brought a cross-action. As stated by Bronson, J., in a late case : “ It is a matter which is never pleaded in bar. It is in the nature of a cross-action. The right of the plaintiff to sue is admitted; but the defendant says he has been injured by the breach of another branch of the saxne contract on which the action is founded, axxd claims to stop, cut off, or keep back so raxxch of the plaintiff’s damages as will *684 satisfy the damages which have been sustained by the defendant.” Nichols v. Dusenbury, 2 Comst. 286. It properly applies in actions brought for the purchase price of property, where the defendant claims fraud or warranty. In such case, if the plaintiff was permitted to recover the whole amount stipulated, the defendant might bring his action and recover back to the extent of his injury. No earthly reason can be given why such a controversy should be divided into two suits, instead of being settled in one. On the contrary, individual justice and public policy unite in requiring a definitive settlement at the earliest moment that the rights of the parties can be properly investigated. It ^involves no examination of separate transactions, and the court and jury employed to settle the rights of the plaintiff, are as competent as any other can be to settle those of the defendant. As the whole consists in deducting from the stipulated price of the property the amount for which the plaintiff is liable for his fraud or warranty, and as the groat object is, in this manner, to avoid circuity of action and needless litigation, it is evident that it can make no possible difference how the contract is evidenced. Whenever the action is brought for the price of the property, and is between the original parties to the contract, it is the absolute right of the defendant to have the amouht of his damages deducted from that price, instead of being put to a sej>arate action; and when he elects to litigate his rights in this form, he is as fully barred by a decision for or against him, as though he had prosecuted an independent action for the recovery of his damages.
We see nothing in this case to take it out of the operation of these principles; and we are therefore of opinion, that Justice Mick was fully competent to have allowed Dunn all the damages to which ho showed himself entitled, in the action prosecuted before him for the price of the horse; and that the court of common pleas erred in rejecting the evidence offered, to show that it was so litigated, and that the adjudication was a bar to the action afterward brought.
The judgment must be reversed, and the cause remanded.